UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21886-BLOOM/Otazo-Reyes

CLARENCE D. JOHNSON,

    Plaintiff,

v.

AMERICAN MED ASSOCIATION,

    Defendant.
_____/

### ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Clarence D. Johnson's ("Plaintiff") Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [5] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied, and the case is dismissed without prejudice.

### I.     LEGAL STANDARD

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote omitted) (citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

## II.    DISCUSSION

Plaintiff, proceeding *pro se*, purports to bring an action under 28 U.S.C. § 1983 against Defendants the American Medical Association, the Centers for Disease Control and Prevention, Dr. Anthony Fauci, and Queen Elizabeth (collectively, "Defendants"), in which he seeks a total of $10 billion in compensatory and punitive damages. ECF No. [1] ("Complaint").[1] The Complaint,

---

[1] On May 19, 2021, the Clerk issued a Notice, ECF No. [3], alerting Plaintiff that he failed to file a Civil Cover Sheet and instructing him to file it within 24 hours of the Notice. To date, Plaintiff has failed to comply.

however, is devoid of any factual allegations and simply directs the Court to "See Angela Byeas FBI S13-421-4310[.]" *Id.* at 5.

Here, the Complaint fails to state a claim for which relief may be granted or any basis for exercising federal jurisdiction. To state to a claim under § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). Yet, as stated above, the Complaint fails to allege a single factual allegation in support of Plaintiff's purported § 1983 claim. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (stating that a district court has the inherent authority to require repleading in accordance with Rules 8(a)(2) and 10(b)); *see also Miccosukee Tribe of Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) (noting that to satisfy federal question subject matter jurisdiction, a plaintiff's complaint "must claim a right to recover under the Constitution and laws of the United States" and "a mere incantation that the cause of action involves a federal question is not always sufficient") (citations omitted). Accordingly, under the Court's inherent authority, the Court denies Plaintiff's Motion and dismisses the Complaint without prejudice.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [5]**, is **DENIED**.
3. The Clerk shall **CLOSE** the case.
4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

Case No. 21-cv-21886-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, May 26, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Clarence D. Johnson
3150 N. Mansfield Ave. # 219
Chicago, IL 60657